ELISHA EVANS v. JOHN WILKINS.

Court of Chancery.   In Vacation.   January 31, 1821.

*Ridgely's Notebook III, 254.*

The Chancellor received a petition and affidavit, sworn to and subscribed January 29, 1821, by Elisha Evans, before Jehu Stockley, Register of the Court of Chancery for Sussex County, as follows:

The deposition of Elisha Evans of Sussex County, who being duly sworn, before Jehu Stockley, Register in Chancery, upon the Holy Evangels of Almighty God, doth depose and say, that he entered into an agreement in writing with a certain John Wilkins on the 27th day of February, 1813, by which this deponent leased to the said John Wilkins a certain tract of land situated in Nanticoke Hundred and adjoining land of Thomas Willing and others, for the term of six years, at a specified rent, to be paid to this deponent; and that the said John Wilkins should erect certain buildings together with other improvements upon the said land, and give up to this deponent at the expiration of six years the premises in good repair, unless the said John Wilkins should purchase the same at $3.00 per acre, before the termination of the said lease.

And this deponent farther saith, that at the expiration of the said term, the said John Wilkins came to this deponent and gave up the possession of the said land without having made the improvements mentioned in the said agreement, acknowledging at the same time his inability to accomplish the said purchase: that after having remained out of possession of the said land for the space of nearly a year, the said John Wilkins re-entered upon the said premises without the permission of this deponent and still continues to hold the same.

And this deponent farther saith that the said John Wilkins filed his bill for a specific performance of the above agreement as of the July Term of the Court of Chancery in the year of our Lord 1820, to which bill this deponent filed his answer, all which will more fully appear by the certificate annexed to this affidavit bearing date the 29 day of January, 1821, which this deponent prays may be considered as part hereof.

And this deponent farther saith that the said John Wilkins being in possession of the land of this deponent as aforesaid, conscious that his claim of title to the same is unjust and iniquitous, and that its iniquity and injustice will be made manifest to this honourable Court, has committed waste, spoil, and destruction upon the same, by cutting down and carrying off from the said land, timber trees of considerable value, and sawing the same for the purpose of building a house upon other lands.

And this deponent farther saith that there are a number of trees that the said John hath cut down, but as yet hath not removed from the said premises; and that he continues to commit other waste and spoil upon the said land to the great damage thereof and injury to this deponent. That this deponent is now entirely without any relief at law, and can prevent the great injury which he is likely to receive by the farther waste and destruction of the said premises, by no other means but in a Court of Equity, where, he is informed, injuries of this kind are corrected and redressed.

May it please your Honour, the premises considered, to grant unto this deponent a writ of injunction of this honourable Court, to be directed to the said John Wilkins and his confederates thereby enjoining and restraining them and each of them from the commission of any farther waste and destruction on the aforesaid land, or any part thereof, and to prevent the removal of such timber as is already cut and remaining upon the premises, till the farther order of this honourable Court. And this deponent as in duty bound will ever pray.

(Signed)  *Elisha Evans.*

Sworn and subscribed to this 29th January 1821 before
(Signed)  *Jehu Stockley,* Reg.C.C.

I do hereby certify that the papers referred to, to wit, the bill and answer as mentioned in this affidavit is (are) duly filed in my office.

(Signed)  *Jehu Stockley,* Reg.C.C. 29 January, 1821.

THE CHANCELLOR returned the following answer to this affidavit and petition:

> Whatever the original lease or contract was, it appears by this affidavit that it had been rescinded by the parties, or that it had expired and ceased to have any effect, and that the possession under it had ceased by the re-delivery of the land by John Wilkins to Elisha Evans. After that the re-entry of Wilkins was a trespass, for which Evans has a remedy at law. Evans does not pretend that Wilkins holds under him, or that there is any privity between them. Elisha Evans has not shown, nor stated any title. Why or wherefore a lease or written contract was made, or what right Evans had to make it, and the particular terms of it, do not appear. The title of Evans should have been set out particularly as there is a suit against him in relation to this land. See 1 Harr. 181, 192; 4 Burr. 2324, 240; 1 Bro.C.C. 57.

> But THE CHANCELLOR particularly insists that a bill should have first been filed, and especially that the bill of Wilkins against Evans might have been more fully detailed. Ordinarily a bill should be filed. Cases of waste may be exceptions to this rule; but then the necessity of the exception should appear here, for the waste alleged is not said to be very pressing, nor that the injury will be irreparable without the instantaneous interposition of the Court. THE CHANCELLOR does not see enough of the case to satisfy him that the injunction would be proper, especially as the written contract does not accompany the affidavit. This is an office paper and must be left with Mr. Stockley, the Register.

> [Signed.] *Nicholas Ridgely.* 7 Feb. 1821.